NO. 4-05-0264          Filed: 2/14/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| In re: PEYTON GRACE WRIGHT, a Minor, | ) | Appeal from |
| TERRY M. ROGERS, | ) | Circuit Court of |
|     Petitioner-Appellee, | ) | Edgar County |
|     v. | ) | No. 05MR4 |
| ROBIN L. WRIGHT, | ) | |
|     Respondent-Appellant. | ) | Honorable |
| | ) | James R. Glenn, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

Respondent, Robin L. Wright, appeals the March 2005 order that granted the petition of petitioner, Terry M. Rogers, to change the name of the parties' daughter from Peyton Grace Wright to Peyton Grace Rogers. We reverse.

I. BACKGROUND

On September 8, 2003, one day after Peyton's birth, Terry signed a paternity affidavit. In this affidavit, Terry and Robin averred their "mutual desire that the name of our child on the original Indiana Certificate of Live Birth shall be recorded as: Peyton Grace Wright."

Approximately four months later, on January 16, 2004, the Edgar County circuit court, in case No. 2003-F-28, entered an order of parentage. The order declared Peyton is the daughter of Robin and Terry. The parties agreed and the court ordered the parents to share joint custody and designated Robin "as the primary custodial parent," with Terry "as the visiting parent." The order provided for child support and visitation and resolved

other custodial matters, including tax and insurance issues.  The court expressly retained jurisdiction to modify or enforce the terms of the order.  The order referred to Peyton as Peyton Grace Wright.

On February 18, 2005, in case No. 2005-MR-4, Terry petitioned the court to change Peyton's name to Peyton Grace Rogers.  Robin objected to Terry's petition and filed a motion to dismiss, in which she argued Terry, the visiting parent, lacked standing to seek the name change.  On March 7, the court held a hearing on the petition.  The court denied Robin's motion to dismiss and granted the petition.  A written order was filed on March 22, 2005.

This appeal followed.

## II. ANALYSIS

On appeal, Robin argues Terry, the visiting parent, lacked standing to seek the name change.  Robin contends section 21-102 of the Illinois Code of Civil Procedure (Code) requires a petition to change one's name to "be signed by the person petitioning or, in the case of minors, by the parent or guardian having the legal custody of the minor."  735 ILCS 5/21-102 (West 2004).  Robin contends, in part, when a joint-custody agreement is in place, both parties must agree to the name change before a name change may be granted under the Code.  Otherwise, according to Robin, the statute would read "a parent with legal custody" may sign the petition.

Terry disagrees.  He contends because he has joint custody of Peyton, he has standing to seek the name change.

Under Illinois law, a party can seek a name change by

more than one means.  Two are relevant here.  The first is under section 21-101 of the Code, which states "[a]n order shall be entered as to a minor only if the court finds by clear and convincing evidence that the change is necessary to serve the best interest of the child" and provides a list of relevant factors to consider.  735 ILCS 5/21-101 (West 2004).  Section 21-102 further provides the petition for the name change must be signed "by the parent or guardian having the legal custody of the minor."  735 ILCS 5/21-102 (West 2004).

The second relevant means for seeking a name change is through the court with jurisdiction over custodial matters.  According to our supreme court, "changing a child's name is a matter incident to custody of the child."  In re Marriage of Presson, 102 Ill. 2d 303, 307, 465 N.E.2d 85, 87 (1984).  Thus, the court with jurisdiction over the custodial issues has jurisdiction over a petition regarding a dispute over a name change.  See Presson, 102 Ill. 2d at 307, 465 N.E.2d at 87.

Here, the name-change petition was clearly resolved under the first means, the Code.  The case was identified as a miscellaneous-remedies case and heard by a judge other than the one presiding over the parentage case.  In addition, the parties before the circuit court and before this court centered their arguments on standing to seek a petition change under the Code.

We find, however, this was not the appropriate means to resolve the dispute between Robin and Terry.  Section 21-102's use of "the parent *** having the legal custody," implies no custodial dispute over the name change.  (Emphasis added.)  735 ILCS 5/21-102 (West 2004).  The latter approach is appropriate

˅ 3 ˅

for the situation that exists here, when a party with joint custody seeks a name change over the objection of the other joint custodian. Such a disagreement over the name change creates a custody dispute that should be resolved by the court within the confines of the proceeding wherein parentage was declared.

Here, the family court determined custodial matters in a parentage action. That same court expressly reserved jurisdiction to resolve or modify the custody order. We note the parties agreed the child would be named Peyton Grace Wright in 2003. We also note Robin's designation within the joint custody agreement as "the primary custodial parent." A child's name change in this context is an important decision. See generally 750 ILCS 45/6(e) (West 2004) (authorizing the court determining parentage to enter an order for visitation, custody, and support). That court should resolve this issue--an issue incident to custody.

### III. CONCLUSION

Accordingly, we reverse the order granting Terry's petition.

Reversed.

STEIGMANN and APPLETON, JJ., concur.